# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Justin Friedges and Peter Friedges,      Civil No. 15-0008 (DWF/SER)

    Plaintiffs,

v.      **MEMORANDUM OPINION AND ORDER**

Scott County, a municipal corporation; Marcus Hoffer, individually and in his official capacity as Deputy Scott County Sheriff; and Dakota County, a municipal corporation,

    Defendants.

___

Rene L'Esperance, Esq., L'Esperance Law, LLC, counsel for Plaintiffs.

Jason M. Hiveley, Esq., Iverson Reuvers Condon, counsel for Defendants Marcus Hoffer and Scott County.

Helen R. Brosnahan and Jeffrey A. Timmerman, Assistant County Attorneys, Dakota County Attorney's Office, counsel for Defendant Dakota County.

___

## INTRODUCTION

This matter is before the Court on Defendant Dakota County's Motion to Dismiss. (Doc. No. 6.) For the reasons set forth below, the Court grants the motion.

## BACKGROUND

On the evening of January 4, 2009, the Scott County Sherriff's Office received a report of domestic abuse at a residence located at 23884 Logan Way in New Market, Scott County, Minnesota. (Doc. No. 1 ("Compl.") ¶ 1.) Two residences are located at

23884 Logan Way. (*Id.* ¶ 2.) Plaintiffs allege that the first residence is a single family dwelling, and the other residence is a pole barn located approximately 100-150 yards behind the single family dwelling. (*Id.*)

Defendant Marcus Hoffer ("Hoffer") was the first deputy sheriff to respond to the domestic disturbance call. (*Id.* ¶ 3.) Hoffer drove to the single family dwelling at 23884 Logan Way in his squad car with its siren and emergency lights off. (*Id.* ¶¶ 5-6.) When Hoffer arrived at the scene, Plaintiffs allege that Hoffer did not contact the dispatcher and the Scott County dispatcher did not attempt to contact the caller of the domestic disturbance report. (*Id.* ¶¶ 20, 23.)

Upon arriving at the residence, Plaintiffs allege that Hoffer began pounding on the front door with his fist and used profanity in ordering the residents to open the door. (*Id.* ¶ 10.) Plaintiffs allege that Hoffer did not introduce himself as a law enforcement officer, did not ring the doorbell, and did not walk around the residence to check the perimeter. (*Id.* ¶¶ 14-16.) Plaintiffs further allege that a resident of the pole barn was outside at the time and called out to Hoffer multiple times to direct his attention to the correct residence of the domestic disturbance call. (*Id.* ¶ 18.)

Plaintiffs allege that when the residents of the single family dwelling did not respond to Hoffer's banging and profanity, Hoffer kicked open the locked front door of the residence and entered the residence with his firearm drawn. (*Id.* ¶¶ 21-22, 27.) Upon Hoffer's entry into the residence, Plaintiffs allege that Justin Friedges, who was with Peter Friedges in the second floor hallway, yelled to Hoffer to get out of his house and

2

stated that he was calling 911, not knowing that Hoffer was a police officer. (*Id.* ¶¶ 28, 30.) Plaintiffs allege that they called 911 while Hoffer was in their home. (*Id.* ¶ 36.)

Plaintiffs allege that when Justin Friedges looked down at Hoffer from the second floor hallway, Hoffer suddenly, and without warning, discharged his firearm at Justin Friedges approximately five or six times. (*Id.* ¶¶ 31-32.) Plaintiffs were then taken into custody. (*Id.* ¶ 37.)

The Dakota County Sheriff's Office investigated the incident. (*Id.* ¶ 38.) Plaintiffs allege that Dakota County later interrogated Plaintiffs separately in the Lakeville Police Department. (*Id.* ¶ 40.) Plaintiffs allege that the interrogation conducted by Dakota County was not a neutral fact-finding investigation and that the tone, substance, and nature of the interrogation conducted by Dakota County was adversarial and an attempt to get Plaintiffs to admit guilt. (*Id.* ¶ 43.) Plaintiffs allege that DNA samples were taken from them. (*Id.* ¶¶ 44-45.) Plaintiffs further allege that they were never charged with a crime in connection with the incident. (*Id.* ¶ 46.)

On January 7, 2009, Dakota County interviewed Hoffer at the Scott County Law Enforcement Center in Shakopee, Minnesota. (*Id.* ¶ 47.) Plaintiffs allege that an attorney for law enforcement labor services and an attorney for Hoffer were present at Hoffer's interview. (*Id.* ¶ 48.) Plaintiffs allege that the interview of Hoffer was non-adversarial and cordial in nature and was intended to absolve Hoffer of any culpability or wrongdoing. (*Id.* ¶ 49.) Plaintiffs allege that Hoffer was never charged with a crime in connection with the incident. (*Id.* ¶ 50.)

Plaintiffs allege that at the time of the incident, the Scott County Sherriff's Office had the following relevant written policies in place: (1) a policy prohibiting the use of "insulting, defamatory, offensive, or obscene language" while an officer is in the performance of his duties; (2) a policy wherein a dispatcher should attempt to contact a caller a second time when the officers arrive at the scene of a domestic call; (3) a policy prohibiting officers from using forced entry of a home without a search warrant; (4) a policy requiring its employees to strictly adhere to the office's firearm policy; and (5) a policy prohibiting the use of force unless it is used to protect the police officer or another from imminent death or great bodily harm. (*Id.* ¶¶ 13, 19, 24, 33, 34.) Plaintiffs further allege that at the time of the incident, Scott County lacked a "barricaded subject" policy that prohibited immediate forcible entry or that described clear procedures for containing a perceived emergency situation, establishing perimeter security, and attempting to contact the offender to establish communications toward resolving the situation. (*Id.* ¶ 17.)

Plaintiffs allege that as a result of Defendants' acts and omissions, Plaintiffs have sustained injuries to their mind and body and continue to suffer physical pain, suffering, distress, disfigurement, disability, and embarrassment. (*Id.* ¶ 51.) Plaintiffs allege that they have, or will incur in the future, medical expenses in excess of $50,000. (*Id.*)

On January 2, 2015, Plaintiffs commenced this action against Defendants. (*See generally id.*) In their Complaint, Plaintiffs allege the following counts: (I) Violation of 42 U.S.C. § 1983 (Excessive Force; Deprivation of Liberty without Due Process of Law; Summary Punishment; Illegal Interrogation; Deprivation of Equal Protection of the Law;

Detention and Confinement without Due Process of Law; False Arrest without Due Process of Law; Violations of Procedural and/or Substantive Due Process; and Verbal Abuse and Harassment); (II) Violation of 42 U.S.C. § 1983 by Defendant Scott County (*Monell* Claims); (III) Violation of 42 U.S.C. § 1983 by Defendant Dakota County (*Monell* Claims); (IV) Negligence; (V) Negligent Infliction of Emotional Distress; and (VI) Negligent Supervision, Training, and Retention by Defendants Scott County and Dakota County. (*Id.* ¶¶ 52-86.)

Defendant Dakota County now moves to dismiss the claims against it for failure to state a claim upon which relief can be granted. (*See* Doc. No. 6.)

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

5

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Defendant Dakota County's Motion to Dismiss

### A. Section 1983 Claims (Counts I and III)

Dakota County moves to dismiss Plaintiffs' Section 1983 claims against it (Counts I and III) for failure to state an actionable claim under 42 U.S.C. § 1983. (*See* Doc. No. 8 at 1.) Section 1983 provides a cause of action against "[e]very person who, under color of [law], subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 931 (1982); *Baker v. McCollan*, 443 U.S. 137, 146-47 (1979). To bring a Section 1983 claim against a municipality, a plaintiff must show that the municipality has an official policy or custom that caused a violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs.*,

6

436 U.S. 658, 690-91 (1978). To establish a constitutional violation resulting from a custom or policy, "a plaintiff must show that his alleged injury was caused by municipal employees engaging in a widespread and persistent pattern of unconstitutional misconduct that municipal policymakers were either deliberately indifferent to or tacitly authorized." *Russell v. Hennepin Cnty.*, 420 F.3d 841, 849 (8th Cir. 2005).

Dakota County argues that Plaintiffs' Complaint fails to state a plausible Section 1983 claim because "Plaintiffs have not plead facts demonstrating [that] they were deprived of an actual constitutional right." (Doc. No. 8 at 7.) First, Dakota County argues that "[t]he gravamen of Plaintiffs' § 1983 claim is that Dakota County failed to adequately investigate the [January 4, 2009] incident," but "Plaintiffs' allegations, taken as true, do not implicate a constitutional violation" because "failure to investigate is not a constitutional violation." (*Id.* at 5, 7.) In addition, Dakota County argues that Plaintiffs' claim that their rights were violated by a "non-neutral" police investigation cannot survive a motion to dismiss because "[m]unicipalities retain broad discretion in deciding who should be investigated for violating criminal laws" and because "Plaintiffs have alleged no facts to show that they were treated differently than others who are similarly situated." (*Id.* at 9.) Furthermore, Dakota County argues that Plaintiffs' Complaint fails to state a cognizable Section 1983 claim under *Monell* because "they have not plead sufficient facts suggesting that Dakota County has a policy or custom that precipitated a violation of their constitutional rights" and "have failed to allege a constitutional violation by any particular Dakota County employee." (*Id.* at 7.) Finally, Dakota County argues that "it is apparent from the face of the Complaint that Dakota County is entitled

7

to immunity on Plaintiffs' § 1983 claim as a matter of settled law." (*Id.* at 1-2.) Therefore, Dakota County argues that Plaintiffs' Section 1983 claims against Dakota County must be dismissed. (*Id.* at 9.)

Plaintiffs, on the other hand, argue that they have "sufficiently alleged a Section 1983 claim against Dakota County." (Doc. No. 11 at 3.) First, Plaintiffs argue that they have "unequivocally alleged" constitutional violations under the Fourth Amendment for an unlawful arrest and seizure. (*See id.* at 4.) Specifically, Plaintiffs contend that "[a]s to the factual allegations, the Complaint unequivocally alleges that [the] Friedges were arrested and taken into custody without any probable cause to believe they committed a crime and interrogated as criminals[;] [t]he allegations make it clear that they were not free to leave, in other words, they were imprisoned[; and] [t]he Complaint also alleges that Dakota County took a DNA sample from Friedges." (*Id.*) Second, Plaintiffs argue that "[t]he conduct noted above also violated the Friedges' due process rights" because "the Friedges' liberty was taken from them." (*Id.* at 5.) Finally, Plaintiffs argue that "[t]he allegations of [the] Fridges' Complaint clearly and unequivocally established that Dakota County, at a minimum, acquiesced and permitted its employees to arrest and detain individuals unconstitutionally[;] had a custom and/or practice of violating individuals' constitutional rights[; and] failed to properly train its employees and failed to discipline its employees for violating the Friedges' constitutional rights." (*Id.* at 6.) Therefore, Plaintiffs argue that "[t]hese allegations are plausible on the face of the Complaint and Dakota County's motion should be dismissed." (*Id.* at 7.)

8

The Court concludes that Plaintiffs' Complaint fails to allege sufficient facts to maintain a cause of action under Section 1983. First, with respect to Count I, the Court finds that Plaintiffs' Complaint does not allege actions taken by Dakota County constituting constitutional violations. Construing Plaintiffs' allegations in the light most favorable to Plaintiffs, Plaintiffs allege Fourth Amendment and Fourteenth Amendment violations based on "the use of excessive and unreasonable force; the deprivation of liberty without due process of law; summary punishment; illegal interrogation; deprivation of equal protection of the law; detention and confinement without due process of law; false arrest without due process of law; violations of procedural and/or substantive due process; and verbal abuse and harassment." (Compl. ¶ 53.) However, such conclusory allegations that Plaintiffs' Fourth and Fourteenth Amendment rights have been violated, without more, are insufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. None of these allegations are specifically attributed to Dakota County, and none of these allegations are supported by any specific factual allegations in the Complaint. As a result of Plaintiffs' minimal, conclusory allegations, the Court finds that Plaintiffs fail to allege any facts sufficient to satisfy the threshold requirement of indicating that Dakota County committed an act in violation of Plaintiffs' Fourth or Fourteenth Amendment rights. *See West*, 487 U.S. at 48. Therefore, the Court concludes that Plaintiffs have failed to state a Section 1983 claim against Dakota County upon which relief can be granted.

Second, with respect to Plaintiffs' Section 1983 claim under *Monell*, the Court finds that Plaintiffs' Complaint fails to contain sufficient allegations to support a claim

that a county policy or procedure caused the constitutional deprivations allegedly experienced by Plaintiffs. *See Monell*, 436 U.S. at 690-91. First, absent a viable claim that Dakota County deprived Plaintiffs of a constitutional right, there is no viable claim that Dakota County utilized an unconstitutional policy or procedure. Second, even the most liberal reading of Plaintiffs' Complaint fails to allege any facts that would support the existence of an unconstitutional policy or procedure. Although Plaintiffs' Complaint states that Dakota County, acting "under color of state law, approved and/or ratified such conduct" that allegedly violated Plaintiffs' constitutional rights, and states that a number of policies exist, such allegations alone do not meet the requirement that Plaintiffs' Complaint must state a facially plausible claim. *See Twombly*, 550 U.S. at 545. Without sufficient facts to raise a right to relief above the speculative level that Dakota County had a custom or policy of violating individuals' constitutional rights, failing to properly train its employees, or failing to discipline its employees for violating constitutional rights, Plaintiffs' Complaint fails to state a *Monell* claim. *See id.*

In sum, the Court concludes that Plaintiffs' Section 1983 claims against Dakota County (Counts I and III) do not contain sufficient facts to pass muster under *Twombly*. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Accordingly, the Court grants Dakota County's motion to dismiss Plaintiffs' Section 1983 claims.

### B. State Law Claims (Counts IV, V, and VI)

Dakota County also moves to dismiss the state law claims against it in Plaintiffs' Complaint, which include Count IV (negligence), Count V (negligent infliction of emotional distress), and Count VI (negligent supervision, training, and retention). (*See*

Doc. No. 8 at 9.) However, in light of the fact that the Court has dismissed Plaintiffs' Section 1983 claims against Dakota County, no federal claims against Dakota County remain in this action that fall within the Court's original jurisdiction. As a result, the Court's exercise of supplemental jurisdiction over Plaintiffs' remaining state law claims against Dakota County becomes discretionary. *See* 28 U.S.C. § 1367(c); *Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008); *Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005); *Nelson v. Henn. Cnty. Med. Cntr.*, Civ. No. 06-1865 (DWF/SRN), 2007 WL 2695647, at *2 (D. Minn. Sept. 11, 2007). Recognizing the need to "exercise judicial restraint and avoid state law issues whenever possible," which would result in "needless decisions of state law," the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims against Dakota County. *See ACLU v. City of Florissant*, 186 F.3d 1095, 1098-99 (8th Cir. 1999); *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). However, in light of the record, the Court cannot envision a circumstance in which Plaintiffs prevail on the merits of their state law claims. Because the Court refrains from asserting supplemental jurisdiction over the remaining state law claims against Dakota County, Counts IV, V, and VI, as alleged against Dakota County, are dismissed without prejudice.

## ORDER

Based on the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Dakota County's Motion to Dismiss (Doc. No. [6]) is **GRANTED**.

2. Plaintiffs' Section 1983 claims against Defendant Dakota County (Counts I and III) are **DISMISSED WITH PREJUDICE**.

3. Plaintiffs' state law claims against Defendant Dakota County (Counts IV, V, and VI) are **DISMISSED WITHOUT PREJUDICE**.

4. Defendant Dakota County is dismissed as a defendant in this case.

Dated: July 23, 2015				s/Donovan W. Frank
						DONOVAN W. FRANK
						United States District Judge